BILL HODGES TRUCK COMPANY, Inc., a Corporation, Ernest Baze, an individual, and Transport Insurance Company, an insurance corporation, Plaintiffs in Error,

v.

Edwin WILLIAMS, a minor, by and through his father and next friend, Raymond B. Williams, Defendant in Error.

No. 42469.

Supreme Court of Oklahoma.

May 26, 1970.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for plaintiffs in error.

Palmer, Shepherd, Maner & Armstrong, Thomas L. Palmer, Richard V. Armstrong, Tulsa, for defendant in error.

LAVENDER, Justice:

The action in which this appeal arises was brought in the District Court of Tulsa County, Oklahoma, for damages arising out of personal injuries allegedly sustained by the plaintiff, in Okfuskee County, Oklahoma, on October 16, 1963, as the result of the combined negligence of two of the three defendants.

According to the petition, the plaintiff is a resident of Tulsa County, Oklahoma, and his action is against a motor carrier for hire, licensed as such under the laws of the State of Oklahoma (Bill Hodges Truck Company, Inc., a corporation created under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma), one of its truck drivers (Ernest Baze, a resident of Oklahoma County, Oklahoma), and the insurance company that issued the liability insurance policy required by the provisions of 47 O.S.1961, § 169 as a condition precedent to the issuance of the motor carrier's certificate of convenience and necessity, or permit (Transport Insurance Company, a corporation organized and existing under the laws of the State of Texas, and licensed to transact, and actually transacting, insurance business within this state).

The petition alleges that the plaintiff's damages resulted from negligence of the motor carrier's truck driver while acting within the scope of his employment and authority in the unloading of a truck which was then under his control and which was owned by the motor carrier and was then being used in its operations as a

motor carrier, combined with negligence on the part of the motor carrier and other of its employees in the loading of the truck with the cargo involved, and that, under the provisions of the above-cited statute, the defendant insurance carrier is jointly liable with the motor carrier to make compensation for his injuries.

Summons was issued to the Sheriff of Cleveland County, Oklahoma, for the truck driver and was served on him, personally, at his residence in that county. Summons was issued to the Sheriff of Oklahoma County, Oklahoma, for all three defendants, and was served upon the truck driver at the motor carrier's place of business in Oklahoma City, and upon the motor carrier by serving its registered agent in Oklahoma City, and upon the foreign insurance corporation by serving the State Insurance Commissioner at his office in Oklahoma City. No question is raised concerning the manner in which either summons was served upon the defendants.

Appearing specially, the defendants pleaded that venue of the action was not in Tulsa County and that, therefore, summons could not, validly, be issued to any other county for any of them and the District Court of Tulsa County did not acquire jurisdiction over any of the defendants. That special plea was overruled by the trial court.

The defendant motor carrier and the individual defendant filed an answer, which was not verified at the time it was filed, in which they renewed their plea of lack of venue and jurisdiction, and, in addition to a general denial of the material allegations of the plaintiff's petition, pleaded contributory negligence if they were negligent, which they specifically denied. The plaintiff replied to that answer by way of a general denial.

The insurance carrier filed a separate answer in which it renewed its plea of lack of venue and jurisdiction, admitted filing its liability insurance bond with the Corporation Commission of the State of Oklahoma, in which it promised to pay, upon behalf of the defendant, Bill Hodges Truck Company, Inc., any sum not exceeding $5,000 for which that defendant might be held liable as a result of its operations as a motor carrier, and pleaded that its liability is conditioned upon liability upon the part of said Bill Hodges Truck Company, Inc., and does not exist until the motor carrier is adjudged to be liable, and specifically denied that it had any liability toward this plaintiff.

Trial to a jury resulted in a verdict in favor of the plaintiff.

The defendants' plea of lack of venue and jurisdiction was again raised in their motion for a new trial, which was overruled.

The plaintiff's first witness testified that, on October 16, 1963, and for some time prior thereto, he had been construction superintendent for a construction company that on that date was building concrete overpasses for Interstate Highway 40 over U.S. Highway 75 about eight miles west of Henryetta, Oklahoma; that his company had leased some heavy beams, timbers and poles to be used in the falsework for the forms for the concrete work, and he had arranged with Bill Hodges trucking company to haul the materials to the construction site; that one load had been unloaded late in the evening of October 15th, and another load arrived early the following morning, October 16th, on a truck belonging to the trucking company and being driven by the defendant, Ernest Baze; and that the plaintiff, an employee of the same construction company, had been injured while that load was being unloaded from the truck next to the first load.

The plaintiff next called the defendant, Ernest Baze, as a witness, obviously for the sole purpose of showing an employee-employer relationship between him and the defendant motor carrier. He testified that he then was employed by Bill Hodges Truck Company as a truck driver, on an hourly basis; that he had been employed by Bill Hodges Truck Company since 1957,

and, on October 16, 1963, was employed by Bill Hodges Truck Company as a truck driver, on an hourly basis; and that, on that date, had hauled the particular load in question as a part of his duties as such employee.

On cross-examination, he testified that the defendant Bill Hodges Truck Company, Inc. had not been incorporated until early in 1965; that he had worked for the corporation after its incorporation, but, prior to that time, and on October 16, 1963, was working for W. W. Hodges doing business as Bill Hodges Truck Company; and that, on October 16, 1963, he was not working for the corporation. On redirect examination, he testified that, on October 16, 1963, the corporation did not own the equipment that he was operating on that date, but did purchase it from Bill Hodges at the time of the incorporation; and that the corporation's office and yards are at the same location that Bill Hodges had been.

Plaintiff's next witness was another employee of Bill Hodges Truck Company, Inc., but his position with the company was not disclosed. He testified that he went to work for Bill Hodges Truck Company on October 6, 1958, and was working for that company on October 16, 1963; that the name of that company was W. W. Hodges doing business as Bill Hodges Truck Company, and it was owned by Bill Hodges; that Bill Hodges Truck Company, Inc. was incorporated on January 2, 1965, and, since that date, he has been employed by the corporation; that W. W. Hodges was the owner, and manager, of the business on January 1, 1965; that Harold Hodges, who had been an employee of W. W. Hodges prior to January 2, 1965, became president of the corporation on that date; that the corporation purchased a part of the rolling stock, including the truck-tractor that pulled the load in question herein, from W. W. Hodges and continued in business at the same location, but did not purchase any real estate or buildings from him; that, prior to incorporation, the business was op-

erated under an ICC permit and a certificate of convenience and necessity for the hauling of heavy machinery and materials, and the corporation operates under an ICC permit; and that there was no change in the basic equipment or truck drivers at the time of the incorporation. On cross-examination, he testified that, up until January 1, 1965, W. W. Hodges owned the trucking business but, since that date, has had nothing to do with it; and that the corporate defendant did not exist prior to January 2, 1965.

At the close of the plaintiff's case, the trial court sustained the plaintiff's motion to amend his petition, or to consider the petition amended, to conform to the proof, which, as we understand it from later rulings by the court, treated the plaintiff's petition as having been amended to allege that the defendant, Bill Hodges Trucking Company, Inc., is the successor to, and liable for the obligations and tort liabilities of, W. W. Hodges doing business as Bill Hodges Trucking Company. The trial court also sustained a motion by the defendants, Bill Hodges Trucking Company, Inc., and Ernest Baze, to amend their answer by a verified denial of the plaintiff's allegation that, at the times involved in the petition, the defendant, Ernest Baze, was an employee of the defendant, Bill Hodges Trucking Company, Inc., and was acting within the scope of his agency and authority as such employee.

The plaintiff introduced testimony which, we think, would reasonably support a conclusion that W. W. Hodges doing business as Bill Hodges Truck Company (Ernest Baze's employer at the time in question), acting by and through other employees, was negligent in the loading of the truck that Baze, as his employee, drove to the site of the accident, and that the defendant Baze, acting as such employee, was negligent in connection with the unloading of the truck, and that the combined negligence of both of them was the proximate cause of the plaintiff's injuries. At the close of the plaintiff's evidence, the

three defendants, separately, demurred to such evidence, and their demurrers were overruled by the trial court. The defendants' attorney was then asked if he would admit that the liability insurance bond mentioned in the insurance company's separate answer was in effect on the date of the injury, but he refused to make such an admission.

At the close of all of the evidence, the three defendants, separately, renewed their demurrers to the evidence and moved for a directed verdict in their favor. Those demurrers and motions were overruled by the trial court. The jury returned a verdict in favor of the plaintiff.

It is obvious (from other rulings by the trial court, and from the trial court's instruction to the jury that, at all times material to the action, Ernest Baze was the agent of the "defendants" and that his acts could be considered to be the acts of the "defendants") that the trial court's action in overruling the defendants' separate demurrers to the plaintiff's evidence, and their separate demurrers at the close of all of the evidence, coupled with motions for a directed verdict in their favor, was bottomed upon the theory that, as a matter of law, the evidence outlined above established that the defendant, Bill Hodges Truck Company, Inc., is the legal successor to W. W. Hodges doing business as Bill Hodges Truck Company, and, as such, assumed all of the obligations and liabilities, including tort liability, of W. W. Hodges doing business as Bill Hodges Truck Company, and that the liability insurance bond pleaded by the plaintiff was in effect on the date of the plaintiff's injury.

As disclosed above, all of the defendants were served with summons within the State of Oklahoma but none of them was served with summons in Tulsa County where the action was brought. The validity of such summons, and the trial court's jurisdiction of each of the defendants, based thereon, depends upon whether or not plaintiff's action was "rightly brought" in Tulsa County—the county of the plaintiff's residence—so that summons could, validly, be issued from Tulsa County to Cleveland County and Oklahoma County for the three defendants, as provided in 12 O.S.1961, § 154:

> "Where action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

Venue in Tulsa County is based upon venue of the action as it relates to the foreign insurance corporation as one of the joint defendants. Section 43 of Article 9 of the Constitution of the State of Oklahoma contains a provision that "Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or *in the county of the residence of the plaintiff,* or in the county where the cause of action may arise." 18 O.S.1961, § 471 provides that "Any foreign corporation, doing business in the State of Oklahoma, and any person now or hereafter having a cause of action against such corporation, arising on contract, tort, or otherwise, may file suit *in any county in the State of Oklahoma where the plaintiff resides* or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had." And 12 O.S. 1961, § 137 provides that "In addition to the other counties in which an action may be brought against a nonresident of this State, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to such defendant, or where such defendant may be found; *if such defendant be a foreign insurance company the action may be brought in any county* where such cause of action, or any part thereof, arose, or *where the plaintiff resides* or where such company has an agent." Other provisions concerning venue of actions would be involved in a complete discussion of the defendants' first proposition herein, attacking

the trial court's jurisdiction over any of the defendants, but we deem it unnecessary to mention them at this juncture.

In their first proposition herein, the defendants attack the jurisdiction of the District Court of Tulsa County over any of the defendants. They contend that, under certain decisions of this court, that court could not, in the circumstances, acquire any jurisdiction over the defendant domestic corporation, Bill Hodges Truck Company, Inc., or any jurisdiction to render any judgment whatsoever against it in this case, by virtue of the summons issued from Tulsa County to Oklahoma County and served upon that defendant in Oklahoma County—even if that corporation had been in existence at the time of the plaintiff's injury or otherwise would be liable for damages resulting from such injuries. From this, they argue that, since the foreign insurance company's liability in this action, and the trial court's jurisdiction to render judgment against it in this action, depend entirely upon the rendition of a valid judgment in this action against such domestic corporation (which has attacked the trial court's jurisdiction over it, at every opportunity), and that cannot be done in this action, the plaintiff's joint-liability action against the three defendants was not "rightly brought" in Tulsa County, even as against the foreign insurance company; and that, therefore, the summons issued to other counties for the individual defendant and the foreign insurance corporation, as well as for the domestic corporation, were not validly issued under the provisions of 12 O.S.1961, § 154 and the trial court did not acquire any jurisdiction over any of the defendants.

An attack upon the jurisdiction of the District Court of Tulsa County over one of the defendants (although from a slightly different angle) is also involved in the defendants' second proposition, and we shall consider it first.

In the defendants' second proposition, as set forth in their original brief and more fully explained in their reply brief, they contend that the uncontroverted facts, brought out by the plaintiff in trying to prove that, at all times material to the case, the individual defendant, Ernest Baze, was an employee and agent of the defendant, Bill Hodges Truck Company, Inc., a corporation, acting within the scope of his authority, and by cross-examination of the plaintiff's witnesses, clearly establish that, at the time of the plaintiff's injury, the individual defendant, Ernest Baze, was acting as an employee and agent of an individual, W. W. Hodges doing business as Bill Hodges Truck Company, and that the defendant, Bill Hodges Truck Company, Inc., a corporation, was not even in existence at the time in question and was not the employer or principal of the individual defendant, Ernest Baze, at that time; and that there are no facts in evidence which would reasonably support a conclusion that the defendant, Bill Hodges Truck Company, Inc., a corporation, is the legal "successor" to, or assumed any obligations or liabilities of, W. W. Hodges doing business as Bill Hodges Truck Company.

From this, they argue that the evidence wholly failed to establish the plaintiff's action against either the defendant, Bill Hodges Truck Company, Inc., a corporation or the foreign insurance corporation, so that the trial court erred in not sustaining their separate demurrers to the evidence and/or their separate motions for a directed verdict, which would have resulted in a showing that the plaintiff's action was not "rightly brought" in Tulsa County, even as against the foreign insurance corporation, and that, therefore, summons was not validly issued from that county to another county for any of the defendants and the district court of that county did not acquire jurisdiction of any of them, including the individual defendant who, if sued alone, could only be sued in the county in which he resided or could be summoned (12 O.S.1961, § 139).

Except for contending that the defendants waived the "defect" in parties defendant, or the "misnomer" of the one defend-

ant, by failing to raise the question by demurrer or by answer, and that the evidence clearly establishes that the defendant, Bill Hodges Truck Company, Inc., a corporation, is the legal "successor" to W. W. Hodges doing business as Bill Hodges Truck Company and, therefore, as a matter of law, legally liable for all of his obligations and liabilities, including his tort liability with respect to this plaintiff's injuries, the plaintiff relies upon the defendants' failure to deny, under oath, his allegation that the defendant, Bill Hodges Truck Company, Inc., is a corporation duly organized under the laws of the State of Oklahoma, as a complete answer to the defendants' second proposition.

We agree with the defendants that, in view of the fact that Bill Hodges Truck Company, Inc. had been incorporated prior to the commencement of the plaintiff's action involved herein and was served with summons as a defendant in this action, by service upon its agent for service of process, no one could verify a denial of its corporate status as of the commencement of the action without committing perjury, and that its corporate status, as of that time, stood admitted; and that this matter does not involve a "defect" in parties defendant, or a "misnomer" of a defendant, but simply involves the plaintiff's error in suing an entity which had no connection whatsoever with his cause of action unless, in the circumstances disclosed by the evidence, Bill Hodges Truck Company, Inc., a corporation, is, as a matter of law, legally liable for the torts of W. W. Hodges doing business as Bill Hodges Truck Company committed prior to the incorporation of Bill Hodges Truck Company, Inc.

◼ We also agree with the defendants that, by attempting to prove, at the trial, that, at the times involved in the plaintiff's injury, the defendant, Ernest Baze, was an employee or agent of the defendant, Bill Hodges Truck Company, Inc., a corporation, and was acting within the scope of such employment or agency, the plaintiff

waived the defendants' failure to deny such alleged agency under oath, and, in such circumstances, such failure does not constitute a statutory admission of such alleged agency. See Carr et al. v. Ingle (1964), Okl., 395 P.2d 650. The evidence clearly establishes the absence of any such agency.

Insofar as authorities on the matter of the corporate motor carrier's assumption of this tort liability are concerned, the plaintiff relies entirely, and the defendants rely to a very great extent, upon this court's opinion in Jones et al. v. Eppler (1953), Okl., 266 P.2d 451, and the eighth paragraph of its syllabus thereto:

"Where * * * it appears that all the assets of an unincorporated trucking business are simply transferred to a newly formed corporation without consideration other than corporate stock issued without payment therefor to the owner and manager of the unincorporated entity, and such corporation has no other assets than those so acquired from the unincorporated business, and the new business, or corporation, is but a continuation of the old and is conducted in the same manner as before, under the same name and managed by the same personnel, the corporation so formed and operated will be liable for the existing debts and tort liabilities of the unincorporated entity as it will be presumed that such liabilities were assumed."

In that opinion, this court said (page 458 of the report) that tort liability is a form of indebtedness, so that the assumption of all of the liabilities of a predecessor includes tort liabilities, and also said that:

"* * * The mere fact that a corporation is organized to take over a business formerly conducted by a firm or individual is not of itself sufficient to render it liable for a debt incurred by such firm or individual in conducting such business. * * *."

See also, 15 A.L.R. 1126 wherein the above is said to be the majority view.

We cannot agree with plaintiff that the evidence in the present case discloses a situation essentially the same as the situation outlined in the eighth paragraph of the syllabus to Jones et al. v. Eppler, quoted above. Under the evidence, which we have summarized above, there was an outright sale by W. W. Hodges, an individual, to the corporation of a part only of the assets which prior to that time had been used by the individual in conducting his business. There was no evidence that the individual thereafter had anything to do with the corporation. The corporation was not managed by the same personnel which managed the former business. The liability, if any, of the individual was unaffected by the transfer.

We cannot say, and we think the trial court erred when it in effect said, that the business of the defendant corporation was but a continuation of the business of the individual, W. W. Hodges, and therefore it is fair to presume (under Jones v. Eppler) that the corporation assumed the liabilities in tort previously committed by the individual.

We also think it proper to note, in the present case, that there is no evidence whatsoever that (as in the Jones case, supra) the individual motor carrier's liability insurance policy was continued in force, by endorsement thereon, in the name of the corporate motor carrier, or that the insurance carrier involved herein was the individual motor carrier's liability insurance carrier at the time of the plaintiff's injury; and that, therefore, there is no evidence whatsoever to support a judgment against the foreign insurance corporation. Under the principle of law relied upon by the defendants herein and mentioned hereinafter, this fact, of itself, would defeat the trial court's jurisdiction over the domestic corporation and the individual defendant.

At any rate, the trial court erred in not sustaining the separate demurrer of the defendant, Bill Hodges Truck Company,

Inc., a corporation, to the evidence and/or its separate motion for a directed verdict in its favor, and, based thereon (if not upon the failure of proof as to the foreign insurance corporation's liability as of the time of the plaintiff's injury), the separate demurrer of the foreign insurance corporation to the evidence and/or its separate motion for a directed verdict in its favor.

If the foreign insurance corporation had not been made a party defendant in the plaintiff's action involved herein, there would be no possibility of such action's having been "rightly brought" in Tulsa County (12 O.S.1961, §§ 131 through 139, and 141), so that the district court of that county could acquire jurisdiction over either of the defendants through service of summons issued to another county or counties (12 O.S.1961, § 154).

It developed at the trial that the plaintiff's joint-liability action failed as against the foreign insurance corporation. Consequently, the situation was the same as though that corporation had not been a defendant, 12 O.S.1961, § 154 did not authorize the issuance of summons from Tulsa County to any other county for the domestic corporation or for the individual defendant (or, for that matter, for the foreign insurance corporation), and the District Court of Tulsa County had no jurisdiction of the domestic corporation or the individual defendant by virtue of the summons served upon them in another county or counties, and should have dismissed the action as to them [See: Allen v. Ramsey et al. (1935), 170 Okl. 430, 41 P.2d 658, 668, and Adams v. Stapp (1956), Okl., 297 P.2d 389]. Having properly raised the question of venue and jurisdiction of them by special appearance, the defendants did not waive their objection thereto by filing an answer which did not ask for any affirmative relief, and going to trial, after their objections had been overruled by the trial court [Allen v. Ramsey et al., supra].

Judgment reversed and the cause remanded to the trial court with directions to

dismiss the action as against all of the defendants.

DAVISON, WILLIAMS, BLACK-BIRD, JACKSON, HODGES and Mc-INERNEY, JJ., concur.

BERRY, V. C. J., concurs in result.