**398**

**BREDEHOEFT PRODUCE COMPANY, a Corporation, Raye & Company Transports, Inc., a Corporation, and Paul Billbe, An Individual, Petitioners,**

v.

**G. B. (Chuck) CORYELL, Judge of the Superior Court of Creek County, Oklahoma, Bristow Division, Respondent.**

No. 42885.

Supreme Court of Oklahoma.

April 23, 1968.

Walker, Iverson & Farrar, by Floyd L. Walker, Tulsa, for petitioners.

Daniel C. Hoffman, Memphis, Tenn., Hudson, Wheaton & Brett, by H. Corky Bishop, Tulsa, for respondent.

WILLIAMS, Justice.

Petitioners herein, Bredehoeft Produce Company, an Arkansas Corporation, Raye & Company Transports, Inc., a Missouri corporation, and Paul Billbe, an Arkansas resident, hereinafter referred to respectively as Bredehoeft, Raye, and Billbe, seek an order of this Court assuming original jurisdiction and a writ addressed to respondent judge prohibiting further proceedings in a certain action pending in the court over which he presides and in which they are joined as parties defendant.

In his action brought below in the Superior Court of Creek County, plaintiff, a resident of Arkansas, is seeking damages for personal injuries and property loss allegedly received when a truck, owned by defendant Bredehoeft, leased by defendant Raye, and driven by defendant Billbe, collided with the automobile which plaintiff was driving. This alleged accident occurred in Mayes County, Oklahoma.

In the trial court, corporate petitioners filed motions to quash service of summons on the ground that the court did not have venue of the action. To support their motions, corporate petitioners filed affidavits stating that the truck involved in the accident was hauling cheese from Wisconsin to California and was engaged in interstate commerce. Such affidavits also alleged that plaintiff's cause of action did not arise from the performance of any act or the transaction of business which would constitute "doing business" within this State by either corporate petitioner. These motions to quash were overruled.

It is apparent from the record that neither corporate petitioner is domesticated in Oklahoma.

The sole question presented herein is whether the court below has venue of plaintiff's action against the nonresident defendants.

Respondent judge contends that the ownership and operation of a truck involved in an accident in Oklahoma was sufficient contact with this State to subject the corporate petitioners to suit in any county in this State under the provisions of 18 O.S.1961, §§ 1.204, subd. a and 1.17(c) as interpreted by our recent decisions in B. K. Sweeney Co. v. Colorado Interstate Gas Co., Okl., 429 P.2d 759, and Marathon Battery Co. v. Kilpatrick, Okl., 418 P.2d 900.

It is true that in both *Sweeney* and *Marathon Battery*, we held that the therein enumerated contacts or transactions within this State of foreign corporations unlicensed to do business in Oklahoma were sufficient to subject the corporations to suit in Oklahoma for damages arising from such contacts or transactions. But it should be noted that in neither cited case was there a statute relied upon which specifically provided for jurisdiction or venue of the suit against the foreign corporations.

 However, there are specific statutory provisions which establish both jurisdiction and venue of actions against a non-resident motorist who is involved in an accident within the State of Oklahoma. See 47 O.S.1961, §§ 391–403 (nonresident motorist act). As to venue of actions against nonresident motorists, 47 O.S.1961, § 400 provides:

"Actions against nonresidents, as contemplated by this Act, may be brought in the county of which the plaintiff is a resident or in the county in which the injury was received, or damage done."

In our opinion, 47 O.S.1961, § 400 establishes the venue in the instant case. As Creek County meets none of the venue requirements established in such section, plaintiff's action was improperly brought in that county.

Writ of prohibition granted.

JACKSON, C. J., and BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.