MERRILL MOTOR LINE, INC., a corporation, Petitioner,

v.

DISTRICT COURT OF CREEK COUNTY, State of Oklahoma; and the Honorable Kenneth Hughes, Judge of said court, Respondents.

No. 43348.

Supreme Court of Oklahoma.

April 15, 1969.

William H. Wilson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for petitioner.

Jack B. Sellers, Sapulpa, Birdsong & Sanchez, Oklahoma City, for respondents.

HODGES, Justice.

Petitioner seeks a writ prohibiting the respondent, Judge of the District Court of Creek County from further proceedings in a personal injury action. Petitioner is a Texas Corporation. Plaintiff below is a resident of Oklahoma County. The auto-truck accident out of which plaintiff's cause of action arose occurred in Cleveland County, Oklahoma.

Respondent filed his petition in Creek County alleging personal injuries were sustained in an auto-truck collision on interstate highway No. 35 in Cleveland County, due to the negligence of the petitioner. Alias summons was issued and served under the provisions of Title 18, §§ 1.204a and 661, which provided for service of summons on foreign corporations doing business within the State of Oklahoma, which have failed to appoint a service agent. Petitioner's motion to quash was overruled and they now seek an order of this court to prohibit further proceedings in the District Court of Creek County. They contend the nonresident motorist statute, 47 O.S. § 400, is exclusive as to venue and jurisdiction, and the action must be filed in the county of Plaintiff's residence (Oklahoma) or the county where the accident occurred (Cleveland).

■ The uncontroverted facts appearing on the face of the pleadings show that on the day of the accident the petitioner was a foreign corporation doing business in the State of Oklahoma without having first designated an agent for service of process.

Petitioner asserts that inasmuch as the cause of action arose from an automobile accident on the highways of this state that the provisions of the Nonresident Motorist Act in 47 O.S. § 400 apply exclusively. This section provides:

"Actions against nonresidents, as contemplated by this Act, may be brought in the county of which the plaintiff is a resident or in the county in which the injury was received, or damage done."

Plaintiff counters that the provisions of 18 O.S. § 1.204a, are also applicable and cumulative to the jurisdiction and venue of this case. That section is as follows:

"In all cases where a cause of action has accrued or shall accrue to any person by reason of a foreign corporation doing business in this state or having done business in this state or while a foreign corporation was doing business within

this state and such foreign corporation has no registered agent in this state upon whom service of summons or other process may be had, an action may be filed against such foreign corporation in any county in the state and service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter whether sitting in the county where the Secretary of State is served or elsewhere in the state."

■ The petitioner cites our recent case of Bredehoeft Produce Company v. Coryell, Okl., 441 P.2d 398, as involving an identical fact situation and decisive of the jurisdictional question here in issue. We disagree. There we pointed out that "plaintiff's cause of action did not arise from the performance of any act or the transaction of business within * * * [the] State" by the foreign corporation. In that case the agent of the foreign corporation was merely traveling through the state hauling cheese. This was the only contact or transaction involved by the foreign corporation within the State of Oklahoma. Under such circumstances, we hold that this was not a contact or transaction sufficient to subject the defendant to doing business in the State of Oklahoma.

In the present case the petitioner owns and maintains a terminal and principal place of business in Oklahoma City, Oklahoma. Under such circumstances, we held plaintiff alleges that "at all times material to this action it (petitioner) did business in Oklahoma including the operation of its trucks through Creek County, Oklahoma * * *."

In the syllabus of the Bredehoeft case we said:

"Unless plaintiff is authorized by some other applicable statute to file his suit in the county where he has filed it, an action against a nonresident motorist in-

volved in an accident in Oklahoma must be brought in a county meeting the venue requirements of 47 O.S.1961, § 400."

Under the facts presented in this case the plaintiff was authorized by some other applicable statute, 18 O.S. § 1.204a, supra.

We are also not impressed with plaintiff's characterization that the venue provisions of 18 O.S. § 1.204a are *general* and that because the provisions of 47 O.S. § 400 are *specific,* they are exclusive over the general. Both provisions are specific, and although they overlap in certain instances as in the present case, neither statute expressly excludes the other. Title 18 O.S. § 1.204a was amended to include the present venue provisions some twenty years after the enactment of 47 O.S. § 400. In this later amendment, § 1.204a, there is no exception or exclusionary language. We presumed the legislature did so with knowledge and an intent that the amendment was cumulative.

Writ of prohibition denied.

All Justices concur.