Charles A. WADE and Karen Lee Wade,
husband and wife, Petitioners,

v.

Elvin J. BROWN, District Judge, Division
One, 21st Judicial District, Respondent.

No. 46796.

Supreme Court of Oklahoma.

Nov. 6, 1973.

Andrew L. Hamilton, Bay, Hamilton, Renegar & Lees, Oklahoma City, for petitioners.

Elvin J. Brown, pro se.

BERRY, Justice:

Petitioners, Charles A. Wade and Karen Lee Wade, husband and wife, request this court to assume jurisdiction and grant a writ of mandamus ordering respondent to issue notices and set for hearing this matter of adoption.

In the trial court petitioners filed petition for adoption of three minor natural children of Karen Lee Wade by two divorced husbands, and presented respondent a proposed order requesting a hearing for adoption without consent of the former husbands or a disposition of their parental rights. Petitioners alleged that divorced husbands wholly failed to support the minor children as provided in the decrees of divorce for more than one year preceding the filing of the petition for adoption and that their consent was not necessary under the provisions of 10 O.S.Supp.1973 § 60.6, subsection (3). Respondent refused to set the matter for hearing for reasons shown in this opinion. Respondent requested petitioners seek mandamus from this court in order to bring uniformity to construction by district court of certain adoption statutes.

Respondent contends § 60.6, supra, does not permit combining an action to adopt with an action to terminate parental rights under 10 O.S.1971 § 1134, as amended January 13, 1969.

Section 60.6, supra, provides in part:

"§ 60.6 Consent of parents—Exceptions

"A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother:

"1. Adjudged to be an habitual drunkard, or

"2. Who has been judicially deprived of the custody of the child by any court of competent jurisdiction, including a court which has jurisdiction of a divorce action involving said parent, on account of cruelty to or neglect of the child, or

"3. Where a parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the decree of divorce, or according to his financial ability if no provision for support is provided in the decree, for a period of one (1) year next preceding the filing of a petition for adoption of such child; and where the above conditions exist it shall not be necessary to terminate parental rights under Section 1130 of this title prior to the adoption of said child. * * *"

Section 1134, supra, provides:

"§ 1134. Action to adopt not to be combined with action to terminate parental rights

"An action to adopt a child may not be combined with an action to terminate parental rights, and where the rights of a parent have been terminated, neither an interlocutory nor a final decree of adoption may be rendered until the decree terminating parental rights has become final. Laws 1968, c. 282, § 134, eff. Jan. 13, 1969."

As we understand the thrust of respondent's construction and argument, § 60.6, supra, renders parental consent unnecessary under the provisions therein and is to this extent in conflict with § 1134, supra. This would necessitate ruling § 60.6 repealed § 1134 by implication. Respondent then concludes § 60.6 is unconstitutional in that natural father's parental rights would be terminated without due process of the law under 14th Amendment, Constitution of the United States, citing Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed. 2d 551. In the cited case the facts were that "Joan Stanley lived with Peter Stanley intermittently for 18 years, during which time they had three children. When Joan Stanley died, Peter Stanley lost not only her but also his children. Under Illinois law, the children of unwed fathers become wards of the State upon the death of

the mother." Stanley appealed claiming he had never been shown to be an unfit parent [this was unrefuted] and had been deprived of due process of the law guaranteed by the 14th Amendment.

The opinion stated 405 U.S. at p. 649, 92 S.Ct. at p. 1211, 31 L.Ed.2d at p. 557:

"We must therefore examine the question that Illinois would have us avoid: Is a presumption that distinguishes and burdens all unwed fathers constitutionally repugnant? We conclude that, as a matter of due process of law, Stanley was entitled to a hearing on his fitness as a parent before his children were taken from him and that, by denying him a hearing and extending it to all other parents whose custody of their children is challenged, the State denied Stanley the equal protection of the laws guaranteed by the Fourteenth Amendment."

At p. 651 of 405 U.S., at p. 1212 of 92 S. Ct., at p. 558 of 31 L.Ed.2d:

"The private interest here, that of a man in the children he has sired and raised, undeniably warrants deference and, absent a powerful countervailing interest, protection. It is plain that the interest of a parent in the companionship, care, custody, and management of his or her children 'come[s] to this Court with a momentum for respect lacking when appeal is made to liberties which derive merely from shifting economic arrangements.' Kovacs v. Cooper, 336 U.S. 77, 95, 69 S.Ct. 448, 93 L.Ed. 513, 527, 10 A.L.R.2d 608 (1949) (Frankfurter, J., concurring)."

At p. 653 of 405 U.S., at p. 1215 of 92 S.Ct., at p. 562 of 31 L.Ed.2d:

"Procedure by presumption is always cheaper and easier than individualized determination. But when, as here, the procedure forecloses the determinative issues of competence and care, when it explicitly disdains present realities in deference to past formalities, it needlessly risks running roughshod over the important interests of both parent and child. It therefore cannot stand."

At p. 654 of 405 U.S., at p. 1216 of 92 S.Ct., at pp. 562 and 563 of 31 L.Ed.2d:

"The State of Illinois assumes custody of the children of married parents, divorced parents, and unmarried mothers only after a hearing and proof of neglect. The children of unmarried fathers, however, are declared dependent children without a hearing on parental fitness and without proof of neglect. Stanley's claim in the state courts and here is that failure to afford him a hearing on his parental qualifications while extending it to other parents denied him equal protection of the laws. We have concluded that all Illinois parents are constitutionally entitled to a hearing on their fitness before their children are removed from their custody. It follows that denying such a hearing to Stanley and those like him while granting it to other Illinois parents is inescapably contrary to the Equal Protection Clause."

▆▆▆ Respondent urges and we agree "the law does not favor repeals by implication, and it is the duty of the courts in construing legislation to make constructions favoring compatability of apparently conflicting statutes so long as reasonably possible to do so." However, this general rule, in itself, does not contain sufficiently the principles necessary in the disposition of the matter before us. In re Guardianship of Campbell, Okl., 450 P.2d 203, at p. 205, we utilized other guidelines in statutory construction:

"A cardinal principle of statutory construction is that where the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning. State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088; Hines v. Winters, Okl., 320 P.2d 1114. A further requisite is that different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. Letteer v. Conservancy Dist., etc., Okl., 385 P.2d 796."

Under these principles we shall examine the two statutes.

10 O.S.1971 § 1130, provides for the termination of parental rights under certain prescribed situations and this section can be utilized for other purposes than an adoption. It is to be noted that no prior adjudication is required insofar as the affected parent or his rights, duties, obligations to the child are concerned. Under these circumstances [§ 1134, supra] provides "An action to adopt a child may not be combined with an action to terminate parental rights."

Section 60.6, supra, deals exclusively with an adoption and sets up a certain classification of parents who have either failed to support the child after a divorce or against whom a prior adjudication has been made which in substance determined the parent was unfit. Under this section an adoption can take place without the affected parent's consent.

Section 60.6, supra, says that under certain circumstances "it shall not be necessary to terminate parental rights under § 1130 prior to the adoption of the child." This could be construed to require a separate or additional adjudication on termination of parental rights in adoption proceeding. We hold otherwise, that a decree of adoption under § 60.6 makes unnecessary a termination of parental rights. The effect of final decree in an adoption proceeding [10 O.S.1971 § 60.16] and the effect of final decree in a proceeding to terminate parental rights [10 O.S.1971 § 1132] is to deprive the affected parent of all rights to such adopted child or his property. We hold §§ 60.6 and 1134 are not in conflict and construe them to give separate effective operation to each.

Respondent then reasons that under the Stanley case the denial of a separate hearing or termination of parental rights under § 60.6 is a denial of due process. Respondent fails to demonstrate that the classification of parents under the sections is unreasonable or discriminatory. The reasoning and holding in Stanley, supra, centers on the denial of Stanley of notice and the opportunity to be heard.

In the present case the divorced fathers must be notified and given an opportunity to be heard at the adoption hearing as required by 10 O.S.1971 § 60.8. We find no violation of the due process clause or the equal protection clause of the United States Constitution.

We determine that the trial court erred in refusing to set the adoption hearing upon the basis that a separate hearing was necessary to terminate parental rights in an adoption proceeding under the provisions of § 60.6, supra.

Jurisdiction assumed, writ of mandamus granted.

WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.