Tom R. WEST and Shirley West, Appellants,

v.

STATE of Oklahoma, DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 47878.

Supreme Court of Oklahoma.

June 3, 1975.

Rehearing Denied July 1, 1973.

Pray, Scott & Livingston, Roger R. Scott, G. Nash Lamb, Tulsa, for appellants.

Donald L. Ritter, Oklahoma City, for appellee.

IRWIN, Justice:

The issue is: Where the district court acquires jurisdiction of a minor child in a juvenile proceeding and the child is adjudicated to be dependent and neglected, does a subsequent "consent to adoption" executed by the natural mother in favor of third persons divest the juvenile court of its jurisdiction over the minor child and of its jurisdiction to terminate the natural mother's parental rights? The natural father did not appear and his parental rights are not in issue.

Two separate proceedings were filed in the Juvenile and Family Division, District Court, Tulsa County, Oklahoma. Case No. JFJ–73–775, here referred to as the juvenile proceedings; and Case No. JFA–74–272, here referred to as the adoption proceedings.

### Juvenile Proceedings

On December 18, 1973, the natural mother of a minor child petitioned the Juvenile and Family Relations Division, to relieve her of custody of her minor child and to place temporary custody with the appellee (Department). On December 18, 1973, the district court vested temporary custody with the Department. On January 28, 1974, the district court approved the findings and recommendations of the Court Referee that the child continue as a ward of the court as an adjudicated dependent-neglected child and remain in the custody of the Department.

On August 8, 1974, a motion was filed for termination of parental rights and notice was given to all proper and necessary parties. On September 11, 1974 (in the morning), the Court Referee conducted a hearing and after sworn testimony by the natural mother (the natural father failed to appear), the Referee found the natural mother was unable to provide care for the child; the natural mother had signed a consent to the termination of her parental rights and the child's subsequent adoption; her parental rights should be terminated; and permanent custody should be placed with the Department with the right to plan for and consent to adoption. The Referee's recommendations were in accordance with his findings.

### Adoption Proceedings

On September 11, 1974 (in the afternoon), the natural mother appeared before a district judge and executed her "Consent to Adoption" of the minor child by individuals unknown to her. On September 12, 1974, appellants (Tom R. and Shirley Ann West) filed their Petition for Adoption and attached the "Consent to Adoption" executed by the natural mother. Although appellants, in their Petition for Adoption, alleged they acquired custody of the child on September 10, 1974, they have never had custody of the child.

### Juvenile Proceedings

On September 12, 1974, appellants filed their motion to dismiss the juvenile proceedings. They alleged the facts concerning the pending adoption proceedings and that the minor child was not then a dependent or neglected child because they were ready, willing and able to care for, support and educate the child as their own natural child. Appellants prayed that the juvenile proceedings be dismissed; any previous adjudication that the minor was dependent and neglected be reversed; and the court decline to further proceed in terminating the parental rights of the natural parents.

On September 18, 1974, appellants' motion to dismiss came on for hearing. In its order of dismissal, the trial court found that the consent to adoption relied upon by appellants was "ineffectual and an attempt to circumvent the termination of parental rights and consent to adoption previously obtained by the Juvenile Bureau of the district court on September 11, 1974"; appellants have never had custody of the child and are strangers to the juvenile proceedings and the identity of the appellants was unknown to the natural mother; and the best interest of the child would be served

by having the child continue as a ward of the court in the custody of the department and to be placed in the adoption process by the agency.

Appellants' motion to dismiss was overruled and thereafter the trial court approved and confirmed the Referee's Report that the parental rights are terminated.

Appellants appealed.

10 O.S.1972 Supp. § 1102, provides:

"The district court shall have jurisdiction of any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the county; and of the parent, guardian or legal custodian of the child, regardless of where the parent, guardian or legal custodian is found. When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age. * * *."

The natural mother of the minor child first invoked the jurisdiction of the juvenile court in Tulsa County. The minor child was in Tulsa County and the juvenile court acquired jurisdiction over him and his natural parents. The consent to adoption was executed before a district judge other than the judge presiding over the juvenile proceedings.

We hold the juvenile court, in Case No. JFJ–73–775, continued to have jurisdiction and its order terminating the natural mother's parental rights should be affirmed unless the "consent to adoption" by the natural mother divested the juvenile court of its jurisdiction.

Appellants contend that the juvenile court was divested of its jurisdiction because prior to the effective termination of the mother's parental rights on September 18, 1974, she had executed her consent to adoption. Appellants argue that since the natural mother had relinquished all of her rights to the minor by her consent to adoption, the juvenile proceedings (including the proceedings for the termination of parental rights) became moot because the

subject of the proceedings (the minor) had been effectively removed by the private adoption proceedings.

■ The effect of a final decree in an adoption proceeding or a final decree in a proceeding to terminate parental rights is to deprive the affected parent of all rights to the child. Wade v. Brown, Okl., 516 P.2d 526 (1973). Although the minor child was adjudicated to be dependent and neglected on January 28, 1974, and on September 11, 1974, in the juvenile proceedings, the natural mother signed a consent to the termination of her parental rights and the subsequent adoption of the child, these events did not terminate the natural mother's parental rights. By the same token, the consent to adoption executed by the natural mother in the afternoon on September 11, 1974, which appellants rely upon, did not terminate the natural mother's parental rights.

The hearing conducted by the Referee on September 11, 1972, and his findings and recommendations submitted to the Juvenile Court set the stage for the termination of the mother's parental rights. The stage was properly set and no request was made for a hearing before the juvenile court as prescribed by 11 O.S.1971 § 1126 (b). The mother's parental rights were terminated on September 18, 1974, by the trial court's final order and decree confirming the Referee's Findings and Recommendations.

■ The juvenile court acquired jurisdiction of the minor child and has continued its jurisdiction. Where a juvenile court acquires jurisdiction of a minor child and adjudicates the child to be dependent and neglected and the child is made a ward of the court, we find no statutory authority or decisional law supporting the proposition that the juvenile court can be divested of jurisdiction by a subsequent consent to adoption being executed by the child's natural parent in a separate proceeding. The juvenile court continues to have jurisdiction over the child until it becomes twenty-one years of age unless it voluntarily re-

linquishes its jurisdiction, or its jurisdiction is terminated by judicial proceedings. In the case at bar, the juvenile court in Case No. JFJ–73–775, has not voluntarily relinquished its jurisdiction over the minor child and its jurisdiction has not been terminated by any judicial proceedings. Although a consent to adoption executed by a natural mother would be a factor for the juvenile court to consider, neither the consent to adoption nor the filing of a petition for adoption divests the juvenile court of its jurisdiction over the minor.

We .have intentionally restricted this opinion to the facts presented, i. e., the consent to adoption was executed and the petition for adoption was filed after the minor child had been adjudicated dependent and neglected.

Judgment of the trial court affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.