Lois THORNTON, d/b/a Nail Salon, Petitioner,

v.

The Honorable Charles S. WOODSON, District Judge, Creek County, Drumright Division, State of Oklahoma, Respondent.

No. 50759.

Supreme Court of Oklahoma.

Oct. 11, 1977.

Leslie V. Williams, Walker, Jackman & Livingston, Tulsa, for petitioner.

Jack B. Sellers, Jack B. Sellers Law Associates, Inc., Sapulpa, for respondent.

BERRY, Justice:

A customer, Opal V. Smith, was at the Nail Salon and allegedly stood up from her chair at the direction of an employee, caught her slacks' cuff on a projecting part of the chair leg, and fell to the floor. Plaintiff, Opal V. Smith, asserted the fall caused some injury. Plaintiff sued several defendants: Petitioner, operator of the Nail Salon; John F. Lawhon Furniture Company, domesticated corporate defendant, distributor of the chair [alleged to be negligently designed and built]; and Douglas Furniture Corporation, a non-domesticated foreign corporation, maker of the chair. Suit was commenced in Tulsa County, residence of defendant-petitioner, and in Creek County, residence of plaintiff, on the same date.

Nail Salon is located in Tulsa County. The domesticated corporate defendant has its principal place of business in Tulsa County.

Plaintiff summoned the non-domesticated corporation, which has no service agent in Oklahoma, by service upon the Secretary of State under authority of 18 O.S.1971 § 1.204a. Plaintiff then served defendant petitioner and domesticated corporate defendant in Tulsa County, under authority of 12 O.S.1971 § 154. Defendant petitioner moved to quash summons and objected to venue in Creek County. The motion was denied.

Defendant petitioner then commenced this action. The gist of her position is 12 O.S.Supp.1976 § 187 applies and venue is not in Creek County. Plaintiff answers that 12 O.S.Supp.1976 § 143 permits the district court in Creek County to proceed to hear the action.

18 O.S.1971 § 1.204a is a venue statute. The statute is designed to provide a forum in this State for a person who believes he is injured by the actions, in this State, of a non-resident non-domesticated foreign corporation which has failed to appoint a resident service agent. Invocation of jurisdiction and conferral of venue are achieved by filing a petition and making service of summons upon the Secretary of State.

" . . . (S)uch service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter whether sitting in the county where the Secretary . . . is served or elsewhere . . . ." 18 O.S.1971 § 1.204a.

Although the statute does not use the word "venue" it is clear the district court where the cause was filed would have venue. *Merrill Motor Line, Inc. v. District Court of Creek County et al.*, Okl., 453 P.2d 708.

12 O.S.Supp.1976 § 187 provides for jurisdiction of a foreign corporation in the situation where the corporation has manufactured or distributed a product which is sold in this State in the regular course of business. The venue provisions of the statute are:

"In addition to the other counties in which an action may be brought against a nonresident of this State, an action which is brought under this section where all defendants are nonresidents of the State may be brought in the county where the plaintiff or one of the plaintiffs resides. If one or more of the defendants is a resident of this State the action shall be brought in any county where venue would be proper as to the resident defendant or one of the resident defendants if there are several." 12 O.S.Supp.1976 § 187(c).

12 O.S.Supp.1976 § 143 provides:

"All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered special or general."

We must resolve the apparent conflict between 18 O.S.1971 § 1.204a and 12 O.S. Supp.1976 § 187, and determine the effect of 12 O.S.Supp.1976 § 143 on that resolution.

■ When we resolve apparent conflicts between different statutes dealing with the same subject we will harmonize the provi-

sions so far as we can. At the same time, we will not place such a strained construction on the plain words of the Act that we judicially impose a different meaning than the legislature intended. *Wade v. Brown,* Okl., 516 P.2d 526, at 528.

18 O.S.1971 § 1.204a applies where defendant is a non-resident non-domesticated corporation with no service agent in Oklahoma. The statute does not speak to the situation where there are several defendants only one of whom is a member of the category covered by the statute.

12 O.S.Supp.1976 § 187 applies both where all defendants are non-residents of the state and where there are both resident and non-resident defendants. Under the statute venue is proper in an action against non-residents in the county of plaintiff's residence. The statute in this regard is cumulative to any other statutes fixing venue as to non-residents. In an action in which defendant(s) are residents, the statute provides " . . . If one or more of the defendants is a resident of this State, the action shall be brought in any county where venue would be proper as to the resident defendant or one of the resident defendants if there are several." 12 O.S. Supp.1976 § 187(c).

■ In this case the cause of action arose in Tulsa County; the resident individual defendant [petitioner] lives in Tulsa County, operates the business establishment there, and was served there; the domesticated foreign corporation defendant has its principal place of business in Tulsa County. Venue is exclusively in Tulsa County under 12 O.S.Supp.1976 § 187.

In reaching this result we are mindful of 12 O.S.Supp.1976 § 143 and the construction placed thereon by *Schwartz v. Diehl,* Okl., 568 P.2d 280.

> "This result is not changed by the existence of § 143. The provisions of § 143 that venue statutes are 'cumulative' and disallowing preference of one statute over another, are necessarily dependent upon venue being proper in two or more counties.

> "It is clear that § 143 is not applicable where venue is statutorily authorized in only one county . . . ."

In an action based upon the alleged facts wherein the non-resident non-domesticated corporate defendant was the sole defendant, certainly 18 O.S.1971 § 1.204A would govern venue. Here, plaintiff chose to add local defendants. Since she made that choice her cause of action is bound by those venue provisions governing the exact situation. Creek County has no venue of petitioner and writ of prohibition will issue to the District Court of Creek County forbidding court from continuing to exercise jurisdiction of petitioner as defendant in *Smith v. Douglas Furniture et al.,* cause No. C–77–2 therein.

All Justices concur.