Edward Richard EBERLE,
Appellee-Cross-Appellant,

v.

DYER CONSTRUCTION COMPANY,
Appellant,

Belger Cartage Service, Inc.,
Cross-Appellee,

Fort Smith Structural Steel
Company, Cross-Appellee.

No. 47621.

Supreme Court of Oklahoma.

April 3, 1979.

Rehearing Denied Sept. 10, 1979.

Donald G. Hopkins, Tulsa, for appellant,
Dyer Const. Co.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for cross-appellee, Belger Cartage Service, Inc.

Jack B. Sellers, Sapulpa, for appellee.

SIMMS, Justice:

Appellee commenced an action in the District Court of Creek County, Oklahoma, to recover damages for alleged personal injuries sustained while performing labor on new construction which Dyer Construction was completing for appellee's employer, Unit Rig, at a location in Tulsa County.

Evidence at trial indicated that immediately before appellee sustained the injury complained of, he was doing some welding inside a newly completed building, but a brisk wind blowing through an entryway interfered with the operation of his welding torch. Appellee momentarily ceased work to close the doors to the entrance.

The two sliding doors to the entryway operated on wheels affixed to the bottoms of the doors, which ran on a track. The doors could be closed by sliding the two doors together along the tracks. The doors were supported at the top by an overhead door with track along which the sliding doors could traverse. However, the overhead door could be raised and lowered so as to permit a large crane to enter and exit the building. To the bottom of the overhead or "crane" door was affixed the track and support for the sliding doors beneath it.

The "crane" door was open at the time of the accident. Although specifications for the doors indicated the presence of a simple safety device intended to prevent the lower doors from being closed while the "crane" door was raised, appellant was, nevertheless, able to slide the lower doors along the tracks in order to close the lower doors. Lacking a support from the overhead door, the sliding door fell on appellee, causing his serious multiple injuries.

Appellee was a resident of Creek County where the action was brought. Named as defendants in the suit were Dyer Construction Company, the general contractor, an Oklahoma Corporation with principal place of business in Tulsa County; Dyer's Employee, Wilson; Fort Smith Structural Steel Company, manufacturer of the door, an Arkansas Corporation; Belger Cartage Service Co., a Missouri Corporation licensed to do business in Oklahoma, and its employees Pruitt and Mizener, who installed the doors.

Various motions to quash predicated upon improper venue were filed, heard by the trial court and overruled. The demurrer to the petition filed by Fort Smith Structural Steel was sustained and it was dismissed from the lawsuit. No individual defendants are parties to this appeal. This then left two corporate defendants to defend before the jury, Dyer, an Oklahoma Corporation with principal offices in Tulsa County, and Belger Cartage, a foreign domesticated corporation.

A verdict was returned in favor of appellee and against Dyer only. The jury found in favor of Belger Cartage. Motions for new trial were timely filed, presented, and overruled.

Dyer appeals alleging that venue in Creek County was improper and additionally that the trial court erred in overruling the demurrer to the evidence as to the element of causation.

Appellee, on his cross-appeal, urges the trial court erred in sustaining Ft. Smith's demurrer and in refusing to submit the case against Belger Cartage to the jury on the theory of manufacturer's product liability. Appellee concedes, however, that no useful purpose would be served by reversing the ruling of the trial court on any theories advanced in his cross-appeal should this Court affirm the trial court on the issues of venue and causation.

Appellant Dyer insists that venue in this case could be properly laid only in Tulsa County as appellee is the only party to the proceedings with residence in Creek County where the case came on for trial.

Appellant relies heavily on *Thornton v. Woodson, Okl., 570 P.2d 340 (1977),* which was decided upon the provisions of 12 O.S. Supp.1976, § 187. *Thornton* is distinguishable from the case at bar, for here venue is

predicated on the provisions of 12 O.S.1971, § 134, and 18 O.S.1971, § 471.

Venue as to domestic corporations is prescribed by 12 O.S.1971, § 134, which reads:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose, OR IN ANY COUNTY WHERE A CODEFENDANT OF SUCH CORPORATION CREATED BY THE LAWS OF THIS STATE MAY PROPERLY BE SUED." (E.A.)

Venue as to Dyer is therefore dependent upon proper venue over its co-defendant foreign corporation, Belger Cartage.

As to foreign corporations licensed in Oklahoma such as Belger Cartage, Art. 9, § 43, Okl.Const., provides:

"Every foreign corporation shall, before being licensed to do business in the State, designate an agent residing in the State; and service of summons or legal notice may be had on such designated agent and such other agents as now are or may hereafter be provided for by law. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found *or in the county of residence of plaintiff* or in the county where the cause of action may arise." (E.A.)

Furthermore, 18 O.S.1971, § 471, provides:

"Any foreign corporation, doing business in the State of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county of the *State of Oklahoma where the plaintiff resides* or where said corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had." (E.A.)

Appellant Dyer does not quarrel with the proposition that a resident corporation may be sued where venue is proper as to a co-defendant. Our venue statutes as to foreign corporations licensed to do business in Oklahoma clearly indicate that venue in actions against foreign corporations such as Appellant Belger Cartage may lie where the plaintiff resides.

Dyer insists, however, that venue became retroactively improper at the moment the jury exonerated their co-defendant, Belger the foreign corporation.

In support of this position, Dyer emphasizes a line of Oklahoma cases holding that where there are multiple defendants and proper venue depends upon the presence of one defendant in the same litigation, not only must the averments of the petition show that a valid joint cause of action exists as to the defendants for whom venue is correct, but *proof at trial* must sustain the averments or the action must be dismissed as to other defendants for lack of proper venue. *Fisher v. Fiske, 96 Okl. 36, 219 P. 683 (1923); Sinor v. Hart, Okl., 383 P.2d 669 (1963); Wellman v. Novak, Okl., 392 P.2d 377 (1964); Bill Hodges Truck Co. v. Williams, Okl., 470 P.2d 310 (1970).*

This extraordinary remedy of post verdict dismissal for want of venue was thought necessary to protect the non-resident defendant from being forced to defend in an inconvenient forum by virtue of plaintiff's spurious joinder of parties defendant against whom there was no substantial claim.

It has been suggested that prior to the introduction of discovery procedures, courts were unable to effectively pierce the pleadings to determine whether a party had been joined in good faith. Post-verdict dismissal may therefore have been justified in the absence of meaningful pre-trial procedures.[1]

---

1. Fraser, "The New Rules for the District Courts of Oklahoma", 44 O.B.J. 2665, 2666 (1973).

The defendant's interest in being sued in a proper forum was thought to outweigh the public's interest in avoiding the inconvenience and expense resulting from a second trial on the merits.

Under current court rules and statutes authorizing discovery, however, defendants are provided with sufficient pre-trial protection that post-verdict dismissal for want of proper venue alone is no longer necessary or justifiable.

On August 16, 1974, 12 O.S.1974 Supp., § 189 became operative. It provides:

"If a defendant objects to the issuance or service of summons or the venue of an action on the ground that the action was not rightly brought in that county or that he is improperly joined as a party and these defects do not appear on the face of the pleadings, the court, or any party, may require an evidentiary hearing on such issue. In lieu of such a hearing, the court may consider affidavits, depositions, answers to interrogatories and demands to admit or any other relevant material. In any event, the court shall determine any such issue prior to the action proceeding to trial on the merits as to any party. If the court finds that the defendant who is a resident of or who was served in the county where the action is brought was properly joined as a party to the action, and the venue is proper, the action is rightly brought, *regardless of the subsequent ruling of the court on a demurrer to the evidence or a motion for a directed verdict and regardless of a verdict that is returned by the jury.*" (E.A.)

Clearly then, the cases relied upon to support Dyer's venue position have been negated by legislative enactment insofar as these cases require post-verdict dismissal on the issue of venue as presented in this case.

However, the fact remains that 12 O.S. 1974 Supp., § 189 had not become law when the present case was tried to the jury.

The apparent inspiration for this statute is found at 12 O.S.1974 Supp., Ch. 2, App., Rules for District Court of Oklahoma, adopted by the Oklahoma Supreme Court July 23, 1973, effective September 1, 1973, *fully seven months before judgment was entered* in the instant case. Rule 3(b) reads:

"If a defendant objects to the issuance or service of summons or the venue of an action on the ground that the action was not rightly brought in that county or that he is improperly joined as party and these defects do not appear on the face of the pleadings, he may attach to his motion affidavits, depositions, answers to interrogatories and demands to admit, and other material obtained by discovery to show that the plaintiff does not have a substantial claim against the defendant who is a resident of or who was served in the county where the action is brought or that the moving defendant is not properly joined as a party to the action. If the court finds that the plaintiff has a substantial claim against the defendant who is a resident of or who was served in the county where the action is brought and that the moving party was properly joined as a party to the action, the action is rightly brought, *regardless of the subsequent ruling of the court on a demurrer to the evidence or a motion for a directed verdict and regardless of the verdict that is returned by the jury.*" (E.A.)

The rule making power of the Supreme Court is not only conferred by Art. VII, Sec. 6, which establishes the general administrative control of this Court over all inferior courts, but is specifically mandated by legislation, 12 O.S.1971, § 74, which provides:

"The Justices of the Supreme Court shall meet every two years during the month of June at the capital of the State and revise their general rules, and make such amendments thereto as may be required to carry into effect the provisions of this code, and shall make such further rules consistent therewith as they may deem proper. The rules so made shall apply to the Supreme Court, the district courts, the superior courts, and county courts and all other courts of record."

*Carlile v. National Oil and Development Co., 83 Okl. 217, 201 P. 377 (1921)* stands for the proposition that rules made pursuant to statutory authority of an appellate court to cover procedures in inferior courts have the force and effect of law and are binding upon litigants, courts, and counsel. However, rules promulgated by the Court must not contravene any constitutional or statutory provision upon the same subject, *Pierce v. State, Okl.Cr., 383 P.2d 699 (1963)*.

We find nothing in Rule 3(b) which contravened any constitutional or statutory provision in effect at the time it was promulgated.

Therefore, the rule controls the present case. Since the trial court was satisfied at the outset that appellee had a substantial claim against Belger Cartage and because our review of the record does not lead us to conclude otherwise, we hold the action was rightly brought in Creek County regardless of the subsequent jury verdict.

■ Finally, Dyer argues that the trial court erred in overruling its demurrer to appellee's evidence on the issue of causation. There was, however, competent evidence submitted at trial on this issue and the trial judge properly overruled the demurrer. Testimony was introduced tending to show that appellee could not have closed the sliding door if the safety latch had been functioning properly. The evidence also disclosed the failure of the safety latch caused the door to fall upon the person of appellee. The evidence further indicated the "crane" door was not anchored well and sometimes came down "out of line" which could bend the latch. There was testimony that the latch had never worked properly. Because Dyer, as general contractor, supervised the construction and installation of the door, the matter was correctly left to the jury. *Lone Star Gas Co. v. Burk, 162 Okl. 259, 20 P.2d 170 (1933)*.

The judgment rendered by the trial court in accordance with the jury verdict is in all respects AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, HARGRAVE and OPALA, JJ., concur. DOOLIN, J., not participating.