SCRAPPERS, INC., and State Insurance Fund, Petitioners,

v.

Delbert J. WILSON, and the Workers' Compensation Court, Respondents.

No. 72477.

Supreme Court of Oklahoma.

April 24, 1990.

David Custar and John R. Schneider, State Ins. Fund, Oklahoma City, for petitioners.

Northcutt, Raley, Clark & Gardner by John J. Gardner, II, Ponca City, for respondents.

HODGES, Justice.

The facts in this case are simple and undisputed. On April 24, 1985, Judge Gary Sleeper, of the Workers' Compensation Court entered an order (first order) awarding claimant compensation to be paid weekly for a permanent and total disability. He also ordered that every fifth weekly payment should be paid to claimant's attorney for his fees. On May 9, 1985, an order nunc pro tunc was filed changing the compensation rate. On October 7, 1988, on motion of claimant's attorney, an order was entered commuting the claimant's attorney fees to a lump sum. A three judge panel sustained the order, as did the Court of Appeals. We granted certiorari.

All of the lower tribunals, as well as claimant, rely on *Chamberlain v. Ameri-*

*can Airlines,*[1] decided about two years after the May 9, 1985 order. In *Chamberlain,* we held that in cases involving permanent and total disability commutation of attorney fees into a lump sum is mandatory. Also, the total fee is to be recouped at the rate of ten percent from each of the periodic payments.

The State Insurance Fund (the Fund) argues that the Workers' Compensation Court had no jurisdiction to modify its first order and that it committed reversible error by giving retrospective effect to *Chamberlain.* Because we agree that the Workers' Compensation Court had no authority to modify its first order, we need not address the Fund's argument regarding the retrospective application of *Chamberlain.*

■■■ An order of the Workers' Compensation Court becomes final and conclusive on all questions of law and fact unless (1) the order is appealed to the Supreme Court within twenty days after a copy has been sent to the parties, (2) review of the order by the Workers' Compensation Court sitting en banc is sought within ten days after a copy has been sent to the parties,[2] or (3) the order is corrected, modified, or vacated within twenty days after a copy is sent to the parties.[3] It is undisputed that the parties did not appeal the first order to this Court; they did not seek review by the Workers' Compensation Court, and the Oc-

tober 7, 1988 Order was not filed within the prescribed twenty days. Thus, the first order was immutable twenty days after it was sent to the parties,[4] except by a district court in an action based on procurement by extrinsic fraud.[5] The Workers' Compensation Court was without authority to issue the October 7, 1988 Order.[6]

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; WORKERS' COMPENSATION ORDER OF OCTOBER 7, 1988 VACATED; WORKERS' COMPENSATION ORDER OF APRIL 24, 1985 REINSTATED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

1. 740 P.2d 717 (Okla.1987).

2. Okla.Stat. tit 85, § 3.6 (Supp.1986) provides in part:
   A. ... Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge to the Workers' Compensation Court sitting en banc....
   B. The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award. Any order, decision or award made by a Judge of the Court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section. The

order, decision or award of a Judge of the Court shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided. Any party litigant desiring to appeal directly from such order, decision or award to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award....

3. *Ferguson v. Ferguson Motor Co.,* 766 P.2d 335, 336 (Okla.1988).

4. *See McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332 (Okla.1981).

5. *Id.* at 337.

6. See *id.*