The PEOPLE of the State of
Colorado, Complainant,

v.

Joel A. HENDERSON, Attorney–
Respondent.

No. 98SA345.

Supreme Court of Colorado,
En Banc.

Nov. 2, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Cecil E. Morris, Denver, for Attorney–Respondent.

PER CURIAM.

An inquiry panel of the grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent, Joel A. Henderson, and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. The conditional admission and the panel recommended that Henderson be suspended for three years. We accept the conditional admission and the inquiry panel's recommendation.

I.

Joel A. Henderson was admitted to practice law in Colorado in 1993. According to the record, he is also licensed to practice in Oklahoma and Texas. The conditional admission provides as follows.

A.

Henderson represented Susanne Johnson in early 1995 in a child support collection case. Subsequently, in May 1995, Johnson received notice from the Pueblo County Public Trustee that the lender, Intermountain Mortgage Company, had filed a foreclosure action against her home and that a public trustee sale was set for October 18, 1995. Johnson wanted to keep her home and she retained Henderson for that purpose. At the time of the foreclosure, Johnson's only debts were her mortgage and Henderson's attorney fees.

On July 17, 1995, Henderson filed a Chapter 7 bankruptcy petition, but he told Johnson that he would convert the Chapter 7 to a Chapter 13 bankruptcy. Intermountain filed a motion for relief from the stay in the bankruptcy court and a hearing was set for September 5, 1995. Henderson filed an objection to the motion for relief, stating that he would convert the Chapter 7 to a Chapter 13. On the lender's motion, the bankruptcy court continued the hearing for the relief from stay until October 16, 1995.

Henderson failed to convert the bankruptcy to a Chapter 13 before October 16, however, and did not tell Johnson of the hearing. Since neither Henderson nor his client attended the hearing, the court granted the lender's motion for relief from the stay, thus permitting the lender to foreclose on Johnson's home.

Johnson received a default notice in the mail telling her that there was no lawyer present on her behalf at the hearing. Henderson filed a motion to set aside the order granting the relief from stay. Johnson met with Henderson on October 26 and November 15, 1995 to execute Chapter 13 documents. Unknown to Johnson, however, the

public trustee had already sold her home at a foreclosure sale on October 18, 1995.

In late December, 1995, the lender called Johnson and asked her when she could move out of her home. She replied that her lawyer had taken care of everything by filing a Chapter 13 bankruptcy. But on January 1, 1996, Johnson's redemption period expired and she lost her interest in her home. Two days later, the lender called her back and told her that there was no record of a Chapter 13 filing.

On January 17, 1996, Henderson finally filed the Chapter 13 petition, while the Chapter 7 proceeding was still pending, but after Johnson had lost her home. The Chapter 13 plan listed Intermountain and Henderson as creditors, although the debt to the lender had been extinguished by the foreclosure. The plan required Johnson to make monthly payments to the trustee, with the payments to be divided between the lender and Henderson.

Johnson moved out of her home in February 1996. Both the Chapter 7 and Chapter 13 proceedings were subsequently dismissed without Johnson obtaining a discharge from what she owed Henderson for attorney fees.

 Henderson seriously neglected his client's legal matter and failed to keep her informed about the case, thereby violating Colo. RPC 1.3 and 1.4(a). By filing a Chapter 7 petition initially rather than a Chapter 13, Henderson's representation was incompetent, in violation of Colo. RPC 1.1. Finally, because his representation of Johnson in her bankruptcy was materially limited by his own interest as a creditor in collecting his attorney fees, Henderson violated Colo. RPC 1.7(b).

### B.

In August 1996, DeAnna Spurlock hired Henderson to file a petition for dissolution of marriage. She was told that she needed to pay an $850 advance fee. She made a $500 payment on August 26, and paid the balance by November 1996. Henderson filed the petition for dissolution on August 30, 1996, but afterwards he failed to complete the dissolution and failed to keep his client adequately informed. In late March 1997, Spurlock went by Henderson's residence and learned it was for sale. She met with Henderson and he told her he was leaving town and would not be able to continue to represent her. Spurlock retained another lawyer, but they could not contact Henderson, who never formally withdrew from the case. Henderson did refund $500 to Spurlock in the summer of 1997. Henderson has stipulated that his conduct violated Colo. RPC. 1.3 (neglecting a legal matter), 1.4(a) (failing to communicate with a client), and 1.16(d) (failing to take reasonable steps to protect a client after terminating representation).

### C.

 On October 31, 1994, Kenneth D. Paxton pleaded guilty to third-degree assault and received a one-year deferred sentence pursuant to a plea agreement. On May 4, 1995, however, Paxton was charged with driving under the influence, a violation of the deferred-sentence conditions. Paxton hired Henderson to represent him on the revocation matter and Henderson entered his appearance in Pueblo County Court on October 16, 1995. Because Henderson was not able to attend a hearing on March 25, 1996, it was reset for April 11, 1995. On April 7, 1995, however, Henderson moved to withdraw from the case, misrepresenting that no court proceedings were scheduled, even though the April 11 hearing was still set. Although the court had not approved his motion to withdraw, Henderson did not appear at the April 11 hearing. Henderson's conduct violated Colo. RPC 8.4(c) (engaging in conduct involving misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

### D.

Jesse Sena retained Henderson to represent him in an action brought by a secured creditor. Sena had previously filed a Chapter 7 bankruptcy, but the creditor was trying to repossess personal property it had a security interest in. Henderson filed an answer on Sena's behalf on August 20, 1996, claiming that the prior bankruptcy negated any liabili-

ty to the creditor. Henderson then took no further action in the case.

■ Trial was set for February 5, 1997, but Henderson never informed Sena of the setting. Henderson did try to settle the case, but without success. For about six months before the scheduled trial, Sena had difficulty getting in touch with Henderson. On May 30, 1997, neither Henderson nor Sena attended the trial. Henderson did not file a motion to withdraw with the court, although he advised the creditor's lawyer that he would no longer be representing his client. His conduct thereby violated Colo. RPC 1.4(a) (failing to communicate), 1.16(d) (failing to take reasonable steps to protect a client after terminating representation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

## II.

The inquiry panel approved the conditional admission and its recommendation of a three-year suspension. For the professional misconduct in this case, it is a close question whether any period of suspension, rather than disbarment, is adequate. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. The injury sustained by Johnson was very serious indeed, and it appears that Henderson effectively abandoned all four of the clients involved in this case. On the other hand, suspension is generally appropriate when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern

of neglect and causes injury or potential injury to a client." *See id.* at 4.42.

Our previous cases would support either a three-year suspension or disbarment under these facts. *See, e.g., People v. Reynolds,* 933 P.2d 1295, 1305 (Colo.1997) (three-year suspension rather than disbarment was warranted by attorney's pattern of misconduct, which included misrepresenting status of cases to clients, neglecting legal matters resulting in harm to clients, failing to provide clients with accounting of his services or refund upon request; in light of mitigating factors of no previous discipline and personal and emotional problems at the time of the misconduct); *People v. Murray,* 887 P.2d 1016, 1021 (Colo.1994) (knowingly failing to perform services for client with potential of serious injury to client and engaging in pattern of neglect with respect to client matters warrants disbarment, rather than suspension, despite mitigating factors of no prior discipline and personal or emotional problems, in light of aggravating factors of pattern of misconduct, refusal to acknowledge wrongful nature of misconduct, and indifference to making restitution); *People v. Anderson,* 817 P.2d 1035, 1037 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension).

The assistant disciplinary counsel represents that the mitigating factors in this case indicate that a three-year suspension rather than disbarment is the proper sanction. Henderson has no previous discipline in fourteen years of practice in this state, Texas, and Oklahoma. *See* ABA *Standards* 9.32(a). At the time of the misconduct, Henderson was experiencing personal and emotional problems, *see id.* at 9.32(c); he has cooperated in these proceedings as some of the allegations could not have been proven without his admissions, *see id.* at 9.32(e); and he has demonstrated remorse, *see id.* at 9.32(*l*).

The presence of the last two mitigating factors serves to distinguish this case from one like *Murray*, 887 P.2d at 1021, where we disbarred the lawyer. We elect to accept the conditional admission and the inquiry panel's recommendation. Two members of the court, however, would have rejected the conditional admission as too lenient.

### III.

Accordingly, it is hereby ordered that Joel A. Henderson be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. It is further ordered that Henderson pay the costs of this proceeding in the amount of $60.03 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.

Justice KOURLIS does not participate.